# Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 03/24/2022 09:59 PM
Case Number CVRI2201219 0000015969609 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Freddy Roa, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR OFFICE USE ONLY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  ANABEL GUDINO, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: County of RIVERSIDE Superior Court
*(El nombre y dirección de la corte es):*

RIVERSIDE HISTORIC COURTHOUSE , 4050 Main Street, Riverside CA 92501

CASE NUMBER:
*(Número del Caso):*
**CVRI2201219**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Y. Jacobson; Aaron Cohen;
QUILL & ARROW, LLP; 10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

| DATE: | 03/24/22 | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: FORD MOTOR COMPANY, a Delaware Corporation

  under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

GC68150(q)

EXH A - PG 4
Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Riverside on 03/24/2022 03:36 PM
Case Number CVRI2201219 0000015969607 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Freddy Roa, Clerk

1  **QUILL & ARROW, LLP**
   Kevin Y. Jacobson, Esq. (SBN 320532)
2  kjacobson@quillarrowlaw.com
   Aaron Cohen, Esq. (SBN 333008)
3  acohen@quillarrowlaw.com
   10900 Wilshire Boulevard, Suite 300
4  Los Angeles, CA, 90024
   Telephone:    (310) 933-4271
5  Facsimile:    (310) 889-0645
6  E-mail:       e-service@quillarrowlaw.com

7  Attorneys for Plaintiff,
   **ANABEL GUDINO**

8

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                               COUNTY OF RIVERSIDE

12
   ANABEL GUDINO, an individual,          Case No.:  CVRI2201219
13                                         Unlimited Jurisdiction
                  Plaintiff,
14                                         **COMPLAINT**

15     vs.
                                           1.  **VIOLATION OF SONG-BEVERLY**
16  FORD MOTOR COMPANY, a Delaware             **ACT - BREACH OF EXPRESS**
   Corporation, and DOES 1 through 10,        **WARRANTY**
17  inclusive,
                                           2.  **VIOLATION OF SONG-BEVERLY**
18                                             **ACT - BREACH OF IMPLIED**
                  Defendants.                  **WARRANTY**
19
                                           3.  **VIOLATION OF THE SONG-**
20                                             **BEVERLY ACT SECTION 1793.2**

21

22

23

24

25

26

27

28

                                                              EXH A - PG 5

                               COMPLAINT

1    Plaintiff, ANABEL GUDINO, an individual, alleges as follows against Defendant, FORD

2    MOTOR COMPANY, a Delaware Corporation ("FORD MOTOR COMPANY"), and DOES 1

3    through 10 inclusive, on information and belief, formed after a reasonable inquiry under the

4    circumstances:

5                          **DEMAND FOR JURY TRIAL**

6        1.    Plaintiff, ANABEL GUDINO, hereby demands trial by jury in this action.

7                          **GENERAL ALLEGATIONS**

8        2.    Plaintiff, ANABEL GUDINO, is an individual residing in the City of Riverside,

9    State of California.

10       3.    Defendant, FORD MOTOR COMPANY, is and was a Delaware Corporation

11   operating and doing business in the State of California.

12       4.    These causes of causes of action arise out of warranty and repair obligations of

13   FORD MOTOR COMPANY in connection with a vehicle Plaintiff purchased and for which FORD

14   MOTOR COMPANY issued a written warranty. The warranty was not issued by the selling

15   dealership.

16       5.    Plaintiff does not know the true names and capacities, whether corporate,

17   partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10,

18   inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant

19   Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and

20   transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend

21   this Complaint to set forth the true names and capacities of the fictitiously named Defendant,

22   together with appropriate charging allegations, when ascertained.

23       6.    All acts of corporate employees as alleged were authorized or ratified by an officer,

24   director, or managing agent of the corporate employer.

25       7.    Each Defendant, whether actually or fictitiously named herein, was the principal,

26   agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal

27   or within the course and scope of such employment or agency, took some part in the acts and

28   omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief

- 2 -
**COMPLAINT**          EXH A - PG 6

QUILL&ARROW•LLP
— ATTORNEYS AT LAW —

1    prayed for herein.

2        8.      On October 24, 2019, Plaintiff purchased a new 2019 Ford Flex, having VIN No.:

3    2FMGK5B81KBA28282 ("the Subject Vehicle").

4        9.      FORD MOTOR COMPANY warranted the Subject Vehicle and agreed to preserve

5    or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was

6    a failure in such utility or performance.

7        10.     The Subject Vehicle was delivered to Plaintiff with serious defects and

8    nonconformities to warranty and developed other serious defects and nonconformities to warranty

9    including, but not limited to, transmission and electrical system defects.

10       11.     Plaintiff hereby revokes acceptance of the sales contract.

11       12.     Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil

12   Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

13   family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

14       13.     Plaintiff is a "buyer" of consumer goods under the Act.

15       14.     Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor"

16   under the Act.

17       15.     Plaintiff hereby demands trial by jury in this action.

18                          **FIRST CAUSE OF ACTION**

19          **Violation of the Song-Beverly Act – Breach of Express Warranty**

20       16.     Plaintiff incorporates herein by reference each and every allegation contained in the

21   preceding and succeeding paragraphs as though herein fully restated and re-alleged.

22       17.     The Subject Vehicle was sold to Plaintiff with express warranties that the Subject

23   Vehicle would be free from defects in materials, nonconformity, or workmanship during the

24   applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant FORD

25   MOTOR COMPANY would repair the defects.

26       18.     The Subject Vehicle was delivered to Plaintiff with serious defects and

27   nonconformities to warranty and developed other serious defects and nonconformities to warranty

28   including, but not limited to, transmission and electrical system defects.

- 3 -

**COMPLAINT**                EXH A - PG 7

QUILL&ARROW·LLP
ATTORNEYS AT LAW

19.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

20.    Plaintiff is the "buyer" of consumer goods under the Act.

21.    Defendant, FORD MOTOR COMPANY, is a "manufacturer" and/or "distributor" under the Act.

22.    The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

23.    Plaintiff delivered the vehicle to an authorized FORD MOTOR COMPANY repair facility for repair of the nonconformities.

24.    Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

25.    Notwithstanding Plaintiff's entitlement, Defendant FORD MOTOR COMPANY has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26.    By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

28.    Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages

- 4 -

**COMPLAINT**

EXH A - PG 8

1   for FORD MOTOR COMPANY's willful failure to comply with its responsibilities under the Act.

2   **SECOND CAUSE OF ACTION**

3   **Violation of the Song-Beverly Act – Breach of Implied Warranty**

4   31.     Plaintiff incorporates herein by reference each and every allegation contained in the

5   preceding and succeeding paragraphs as though herein fully restated and re-alleged.

6   32.     FORD MOTOR COMPANY and its authorized dealership at which Plaintiff

7   purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of

8   sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by implied warranties

9   provided for under the law.

10  33.     Among other warranties, the sale of the Subject Vehicle was accompanied by an

11  implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

12  34.     The Subject Vehicle was not fit for the ordinary purpose for which such goods are

13  used because it was equipped with one or more defective vehicle systems/components.

14  35.     The Subject Vehicle did not measure up to the promises or facts stated on the

15  container or label because it was equipped with one or more defective vehicle systems/components.

16  36.     The Subject Vehicle was not of the same quality as those generally accepted in the

17  trade because it was sold with one or more defective vehicle systems/components which manifested

18  as transmission and electrical system defects.

19  37.     Upon information and belief, the defective vehicle systems and components were

20  present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

21  warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

22  applicable laws.

23  38.     Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil

24  Code, section 1794, *et seq*.

25  39.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

26  40.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section

27  1794, *et seq.*

28  41.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794,

- 5 -

**COMPLAINT**                    EXH A - PG 9

1    *et seq.* and Commercial Code, section 2711.

2        42.    Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages

3    under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

4                              **THIRD CAUSE OF ACTION**

5                  **Violation of the Song-Berly Act Section 1793.2(b)**

6        43.    Plaintiff incorporates herein by reference each and every allegation contained in the

7    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

8        44.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells

9    consumer goods in California, for which it has made an express warranty, shall maintain service

10   and repair facilities or designate and authorize independent service and repair facilities to carry out

11   the terms of those warranties.

12       45.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of

13   goods are necessary because they do not conform with the applicable express warranties, service

14   and repair shall be commenced within a reasonable time by the manufacturer or its representative.

15       46.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced

16   or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable

17   time.

18       47.    The sale of the Subject Vehicle was accompanied by express warranties, including

19   a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective

20   parts, including the electrical system.

21       48.    Plaintiff delivered the subject vehicle to FORD MOTOR COMPANY's authorized

22   service representatives on multiple occasions. The subject vehicle was delivered for repairs of

23   defects, which amount to nonconformities to the express warranties that accompanied the sale of

24   the subject vehicle.

25       49.    Defendant's authorized facilities did not conform the Subject Vehicle to warranty

26   within 30-days and/or commence repairs within a reasonable time, and FORD MOTOR

27   COMPANY has failed to tender the subject vehicle back to Plaintiff in conformance with its

28   warranties within the timeframes set forth in Civil Code section 1793.2(b).

50.    Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

51.    Plaintiff hereby revokes acceptance of the subject vehicle.

52.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54.    Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55.    Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56.    Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that FORD MOTOR COMPANY has willfully failed to comply with its responsibilities under the Act.

///

///

///

///

///

///

///

///

///

///

///

///

///

- 7 -

**COMPLAINT**

EXH A - PG 11

1

## **PRAYER FOR RELIEF**

2    WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

3    1.  For general, special, and actual damages according to proof at trial;

4    2.  For rescission of the purchase contract and restitution of all monies expended;

5    3.  For diminution in value;

6    4.  For incidental and consequential damages according to proof at trial;

7    5.  For civil penalty in the amount of two times Plaintiff's actual damages;

8    6.  For prejudgment interest at the legal rate;

9    7.  For reasonable attorney's fees and costs of suit; and

10   For such other and further relief as the Court deems just and proper under the circumstances.

11

12   Dated:   March 24, 2022

13                              **QUILL & ARROW, LLP**

14                              Kevin Y. Jacobson, Esq.

15                              Aaron Cohen, Esq.
                                Attorneys for Plaintiff,
16                              **ANABEL GUDINO**

17

18   Plaintiff, ANABEL GUDINO, hereby demands trial by jury in this action.

19

20

21

22

23

24

25

26

27

28

- 8 -
**COMPLAINT**                                    EXH A - PG 12